UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL CICCONE, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20-cv-00001 |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiff MICHAEL CICCONE files his Amended Complaint against Defendant LOWE'S HOME CENTERS, LLC and in support would show the Court the following:

**PARTIES**

1. Plaintiff is a resident of the State of Connecticut. Plaintiff was a resident of Brazoria County, Texas at the time the cause of action accrued.

2. Defendant Lowe's Home Centers, LLC has appeared and answers in this cause of action; therefore, no further service of process is necessary.

**SUBJECT MATTER AND PERSONAL JURISDICTION**

3. Defendant removed the case from the 239th District Court of Brazoria County, Texas, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**FACTS**

4. This case arises from an on-the-job injury chemical exposure suffered by Plaintiff Michael Ciccone ("Plaintiff" or "Ciccone") while acting within the course and scope of his employment with Defendant Lowes Home Centers, LLC ("Defendant"). Ciccone was employed by Defendant its store

located at 2741 Broadway Street in Pearland, Brazoria County, Texas, as a laborer, from January 2016 to February or March 2017. As part of his job duties, Ciccone worked 2-4 hours each day unpacking pallets of merchandise located in close proximity to chlorinated pool supplies, many of which were damaged or opened, without adequate ventilation.

5. On or about December 12, 2016, Plaintiff sought medical care due an onset of shortness of breath, fatigue, and related respiratory problems. He was subsequently diagnosed by a pulmonologist with respiratory issues and asthma resulting from prolonged exposure to chlorine products.

## COUNT I: NEGLIGENCE

6. Defendant owed a duty of care to Plaintiff to provide a safe work environment. Defendant breached that duty of care by failing to ensure that the work environment was safe for Plaintiff to perform his work. Defendant's negligence proximately caused Ciccone's injuries and damages. Defendant's negligence includes, but is not limited to, failing to provide an environment free of chemical exposure, and failure to provide adequate ventilation, and failure to establish and/or enforce safety rules and regulations.

7. Each of the preceding acts or omissions of Defendant, whether taken separately or together, constituted negligence and/or gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

8. As a non-subscriber to the Texas Workers' Compensation Act, Defendant is barred from asserting the defenses of assumption of the risk or contributory negligence, if any, on the part of Plaintiff. Tex. Lab. Code Sec. 406.033(a), (e); see *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012); *Kroger Co. v. Keng*, 23 S.W.3d 347, 350-51 (Tex. 2000). At all times material hereto, Defendant was a "non-subscriber," as defined under the Texas Workers' Compensation law. Therefore, Defendant may not assert in this action that: (1) Plaintiff was guilty

of contributory negligence; (2) Plaintiff assumed the risk of injury; or (3) Plaintiff's injury was caused by the negligence of a fellow employee. Tex. Labor Code §406.033(a).

## COUNT II: BREACH OF CONTRACT

9. As an employee of Defendant, Ciccone was covered and eligible for benefits under Defendant's Occupational Injury Benefit Plan (the "Plan") which provided for payment of damages resulting from on-the-job injuries. Plaintiff submitted his medical expenses to Defendant for reimbursement in compliance with the Plan. Plaintiff has complied with all necessary terms and conditions of the Plan. Defendant has failed and refused to reimburse Plaintiff for his medical expenses, in breach of the Plan provisions.

## DAMAGES

11. As a result of Defendant's wrongful conduct, Ciccone sustained damages in an amount within the jurisdictional limits of this Court.

12. Further, Plaintiff serious injuries and incurred medical expenses for the necessary diagnosis and treatment of his injuries. These charges are reasonable and customary with charges made for such services in the county or counties where they were provided. With reasonable medical probability, Ciccone will continue to incur medical expenses for the necessary treatment of his injuries in the future. In addition, Ciccone has suffered physical pain, mental anguish, and physical impairment resulting from his injuries, and is expected to suffer therefrom in the future.

## PRAYER

Plaintiff Michael Ciccone prays that, upon final trial, Plaintiff MICHAEL CICCONE take a judgment against Defendant LOWE'S HOME CENTERS, LLC, for the following:

(a) Actual damages in an amount within the jurisdictional limit of the Court;

(b) Attorney's fees;

(c) Costs of court;

(d)     Prejudgment and post-judgment interest at the highest lawful rate; and

(e)     Such other and further relief, both general and special, to which Plaintiff may show himself entitled.

Respectfully submitted,

DAVIS & NEWSOME, P.C.

By: */s/ Claude H. Davis III*
_____
Claude H. Davis III
SBN 24066657
14614 Falling Creek Drive, Suite 206
Houston, Texas  77068
Telephone:  281-317-4017
Telecopier:  832-201-7260
davis@davisnewsome.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on May 8, 2020, a true and correct copy of the foregoing document was served on all counsel of record, as follows:

Kevin P. Riley, Esq.
Andrew J. Mihalick, Esq.
Mayer LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas  77027

*/s/ Claude H. Davis III*_____
Claude H. Davis III